IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT

Sillierine Bennett,                          )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )          JURY TRIAL DEMANDED
                                             )
Community & Economic Development             )          *Demand*
Association of Cook County, Inc. (CEDA),     )          *$300,000.00*
                    Defendant.               )

## **COMPLAINT**

Plaintiff in this matter, do hereby compose this document as a formal and civil complaint against
the Defendant known as the Community and Economic Development Association of Cook
County Inc, (CEDA) as follows:

## **COMPLAINT CAUSE PARTIES and JURISDICTION**

1. Plaintiff seeks to file this course of action within the Circuit Courts of Cook County, Illinois
   to charge Defendant CEDA with violation of Plaintiff's employment rights as an employee
   of age by Defendant CEDA and under the Illinois Human Rights Act, 775 ILCS Section 5/1-
   101 et. Seq., of unlawful age discrimination and retaliation in the Defendant CEDA manner
   used to terminate Plaintiff as a long-term and tenured employee of CEDA.

2. Plaintiff is and remains a life-long resident of Ford Heights, Illinois and was employed by
   CEDA for more than three decades beginning in 1971 -1983serving in multiple positions
   from support staff to supervisory roles of responsibility.

3. Plaintiff was rehired and employed by CEDA in January of 1989 as a Housing Coordinator
   to assist and salvage a stressed Housing Counseling Program. Plaintiff remained employed

Continue page 2

by Defendant, CEDA up and through Plaintiff's termination on January 3, 2011, by Defendant CEDA after more than 35 years of employment.

4. Plaintiff's complaint arose as a result of Plaintiff being termination by former employer, Defendant, the Community and Economic Development Association of Cook County, Inc. (CEDA) by the Agency Director, who hand delivered a formal notice of lay off to Plaintiff at Plaintiff's regular work site at the CEDA Bloom Rich located at 1647 Cottage Grove Avenue, Ford Heights, Illinois, 60411 on January, 3, 2011; Defendant CEDA's local community development area main office was and remains at 1203 West End Avenue, Chicago Heights, Illinois, 60411; with Central Executive Office located at 208 South LaSalle Street, Suite 1900, Chicago, Illinois 60604. **(Exhibit A -Termination Letter)**

5. Plaintiff was made aware of a job posted on CEDA's website for the position of Central Intake Specialist with a post closing date of January 21, 2011.Thiswas a position of which Plaintiff had previously performed at the local site prior to termination for more than a year. **(Exhibit-B Job Position Posting)**

   Plaintiff contacted Agency Director to inquire about the available position on January 14, 2011, to be told that it had already been filled on January 14, 2011teh Agency Director suggested that Plaintiff contact CEDA Central's Human Resource Department, who stated to refer Plaintiff back to Agency Director who referenced, " that was not Agency Director's responsibility". Plaintiff contacted Agency Director again to be told by Agency Director "it was out of Agency Director's hands and it was the Grant Manager's decision to hire the younger person". Agency Director then suggested Plaintiff call the CSBG Grant Manager, who writes to manage, distribute and makes decisions about the use of Community Services Block Grant (CSBG) funds and program activities. **(Exhibit C-IDHR Fact Finding Statement by Director of CEDA Human Resource Department).**

6. After Plaintiff had suffered through several weeks of emotional stress cause by Defendant CEDA and due to Defendant CEDA actions to terminate Plaintiff who was older than with experience than younger employees retained by Defendant CEDA as cause for this claim.

7. Plaintiff then applied to Defendant, CEDA through CEDA's web site for the available position of Central Intake Specialist. Plaintiff followed the instructions as stated and emailed to forward Plaintiff's resume to CEDA on January 21, 2011 before the close of the posting. **(Exhibit D-Email- Plaintiff Submission of Job Application to CEDA).**

Continue page 3

## AGE DISCRIMINATION CAUSE

8. Plaintiff was born on February 9, 1950 and is within the protected age category of the Illinois Human Rights Act (IHRA)and the Age and Employment Discrimination Act (AEDA)

9. Defendant, CEDA an employer under the Illinois Human Rights employs several hundred employees and is a large multi-social service agency operating in a regional capacity to provide programs and services to individuals and families of suburban Cook County and specific areas of metropolitan Chicago. (See Exhibit- CEDA Agency Annual Profile)

10. Plaintiff was employed by Defendant CEDA from 1989 and held multi positions to include supervision roles until Plaintiff's termination on January 3, 2011 in the position of Program Specialist.

11. Plaintiff, on May 4, 2011, filed formal complaints of age discrimination and retaliation with the Illinois Department of Human Rights (**IDHR**) under the Illinois Human Rights Act 775 ILCS Section 5/1-101 ET. Seq and was assigned a case number **2011CA3266** ; and consequently IDHR forward to case was established the same with **EEOC -21BA11609.** Case filed with IDHR was Case was dismissed on August 8, 2012, for lack of substantial evidence. **(Exhibit E-1 IDHR Charge Letter; Exhibit E-2 EEOC Charge Letter .**

12. Plaintiff on May 4, 2011simoutaineouly filed formal complaints with the Cook County Commission On Human Rights (COHR) case **2011EOO17**of which case is pending final investigation by IDHR**). ( Exhibit E-3 Charge Letter/Right to Sue )**

13. Plaintiff later discovered that Defendant, CEDA had retained several younger employees in similar positions as that of Plaintiff and hired an employee younger than Plaintiff for the available position of Central Intake Specialist thus citing differences of performance evaluations over experience and tenure between the younger employee who was retained and Plaintiff was terminated.

14. Defendant, CEDA did not require the younger employee to apply for the job position in the same hiring process as Plaintiff and over 100 additional applicants per the job posting and in accordance with Defendants, CEDA's own personnel policies and hiring practices.

15. Plaintiff now petitions this court's jurisdiction to hear Plaintiff's claim of unlawful age discrimination and retaliation under the Illinois Human Rights Act 775 ILCS Section 5/1-101 ET. Seq., to request relief in the form of reasonable compensation of losses.
Continue page 4

## **RETALIATION**

16  Plaintiff had previously filed a case of retaliation with the Illinois Department of Human Rights in 2003, that which was closed and resolved in discovery and through mediations by IDHR.; of which Plaintiff was within a protected class status.

17. On April 11, 2009, Plaintiff was directed to take a two week unpaid leave of absences for desiring to participate in a civic election. Plaintiff was singled out as an employee while other employees were not. During this period plaintiff began to experience poor performance evaluations from supervisor, Agency Director with direction by the Director of CEDA's Human Resource Department, which was not a practice by Defendant CEDA to have the Human Resource Director to be directly involved with support staff evaluations.

18. On March 26, 2009, Plaintiff initiated letter to CEDA's CEO in compliance due to the lack of response from Human Resource Director and Agency Director as to file a formal grievance of retaliation regarding participation in a civic election to CEDA's Department of Human Resources in March of 2009; it was suppressed with a telephone call from an independent attorney representing, Plaintiff, with a non-satisfactory response from Defendant, CEDA or its agents. (**Exhibit F- Plaintiff 2009 Letter to CEO Re: Mandatory unpaid Leave of Absence.)** .

19.  Plaintiffs began to experience severe reductions in the quality of Plaintiff's performance evaluations, in 2009 and 2010 as a result to the above allegations and were treated different than younger employees in similar position with simulated job responsibilities. Plaintiff was unfairly treated and was given more work assignments than was younger employees in similar positions to be performed with outdated and obsolete equipment requiring frequent maintenance.

20. Plaintiff was not given any consideration for the available position of Central Intake Specialist by CEDA or its agents, who was more qualified with greater experience than the younger  employee who was hired by CEDA for said position.

21. Defendant, CEDA further gave preference to allow the younger employee hired for the Central Intake Specialist position by granting submission of application to be directly given to Grants Manager. **Reference Item 5. (Exhibit C-IDHR Fact Finding Statement by Director of CEDA Human Resource Department).**

Continue page 5

22. Defendant unfairly failed to retain or offer to promote Plaintiff to other available positions within Dependent CEDA' agency as did Defendant with younger employees working in similar job positions with less experienced,

23. Defendant CEDA willfully and knowingly sought to retain and or transfer several younger employees to available positions after Plaintiff had been terminated by Defendant CEDA.

24. Plaintiff suffered a loss of job, wages, benefits, future retirement and an accumulation prescriptions, and medical expenses for out- patient and hospital stay due to emotional stress.

## **DEMAND FOR RELIEF**

Plaintiff now prays for the following:

A, To prevent Defendant CEDA from further acts of age discrimination against Plaintiff and its employees;

B. Plaintiff**,** seeks compensation for damages and claims of loss of job, wages, lost benefits, lost sick and vacation days, and lost retirement benefits.

C. Plaintiff seeks compensation damages in an appropriate amount designated by this Court

D, Plaintiff seeks reimbursement of out of pocket prescriptions and medical and expenses for incurred for hospital stay due to emotional stress to include any associated attorney fees and court cost should an attorney be retained to represent Plaintiff in this action.

PLAINTIFF DEMANDS OF TRAIL BY JURY.

Respectfully submitted by Plaintiff

SILLIERINE BENNETT

BY _Sillierine Bennett_ 11-26-12

Plaintiff / "PRO SE"

Sillierine Bennett
1449 Greenwood Avenue
Ford Heights, Illinois, 60411
(708) 692-3562



Sillierene Bennett
US
CEDA

Exhibit A



Community and Economic Development Association of Cook County, Inc.
208 S. LaSalle Street, Suite 1900, Chicago, Illinois 60604
312/795-8800 · Fax 312/795-1034
www.cedaorg.net

# Memo

| | |
|---|---|
| **To:** | Sillierene Bennett |
| **From:** | Karyn Perkins |
| **C:** | Pat Doherty-Wildner, Yvonne Butchee, Regina Salazar |
| **Date:** | January 3, 2011 |
| **Subject:** | CSBG Reduction in Force |

---

For the upcoming program year, beginning January 1, 2011, there will be a change in the funding for the Community Services Block Grant and there will be changes in our service delivery through Ford Heights and the Bloom Rich Community Development Area.

As a result of these changes, your position will be eliminated and your last day of employment with CEDA will be Monday, January 3, 2011. You will be paid through January 14, 2011, in lieu of notice and will receive payment for earned unused vacation pay for the current year.

You will meet with Regina Salazar, Manager, Human Resources to discuss your separation, final pay and benefit options and eligibility and to conduct an exit interview. You will need to return all CEDA property (door keys, cabinet keys, desk keys, ID card, electronic key card, cell phone, computer equipment or any other CEDA property) All of these items can be returned to Regina during that meeting.

You may apply for any open positions that are of interest to you for which you are qualified. You will be considered for the open positions you apply for based on your qualifications for those positions.

CEDA thanks you for your contributions and your time with us. We wish you well in the future.

Please be aware that the Employee Assistance Program remains available to you as a confidential benefit and resource. It is available to former employees and their families to provide help through counseling, training and referral to learn to cope more effectively with any personal problems that may be affecting the individual's work performance. You may contact the EAP confidentially at 1-800)327-5071 and can visit their site at: www.wseap.com.



Contact us: 708-670-JOBS  2012 | Webmaster@cedaorg.net | CEDA Blog | Follow us!



**Community and Economic Development Association of Cook County, Incorporated**

*Exhibit B-1*

## EMPLOYMENT OPPORTUNITIES

CEDA will only accept resumes and applications for open advertised or listed positions within the time frame indicated for each position. Unsolicited resumes and resumes received after the closing date for a position will not be considered or retained. Applicants must clearly and specifically identify the position for which they are applying. We appreciate your interest in CEDA.

It is the policy of the Community and Economic Development Association, Inc. to implement affirmatively, equal opportunity to all qualified employees and applicants for employment without regard to race, creed, color, age, sex, national origin, or physical handicap, and positive action shall be taken to ensure the fulfillment of this policy. Also included in this policy are veterans of the United States military.

| | |
|---|---|
| **Job Title:** | **Central Intake/Referral Specialist** |
| **PA#:** | **1101** |
| **Location:** | **Various CDAs – Suburban Cook County, IL**<br>*(Chgo. Hghts.; Cicero; Evanston; Robbins)* |
| **Department:** | CSBG (Community Services Block Grant) Program |

**Description:**
Position maintains responsibility for intake, management, referral, follow-up and orientation for all CSBG ARRA program participants. Populations served include individuals in need of employment, housing, senior and disabled emergency relief services, vocational scholarships and REACH services. Responsible for data entry and report generation for ARRA CSBG participants via the Tracker database system. Secondary responsibilities include providing referrals, setting appointments and general orientation for CSBG programs and services (internal and external).

**Duties:**
Include, but are not limited to, providing intake, assessment and referral for the ARRA CSBG programs at area CDA (Community Development Area); facilitating preliminary eligibility determination including assessment, referral and case management; providing clients with program information and eligibility requirements; assisting new participants to complete all intake paperwork and provide necessary documentation (e.g. SS cards, proof of residency/income etc.); facilitating orientation for program participants regarding program services; conducting data entry and management using the Tracker system; maintaining files and reporting systems as required by CSBG; acting as an informational/referral source for social services and economic development programs offered at CDA; setting appointments with CSBG and other program staff at designated CDA; providing follow-up with departments regarding referrals; facilitating both internal and external audit preparation; providing information for phone inquiries, maintaining a daily log; generating monthly reports to CDA Directors regarding referrals/follow-up; and attending trainings to gain knowledge regarding CEDA's services and eligibility requirements.

**Qualifications:**
High school graduate or equivalent, AA degree or higher preferred. Previous customer service experience required. Computer literate with proficiency with basic Microsoft Office software. Knowledge of and experience with diverse populations. Strong verbal/written communication skills; strong numerical aptitude. Bilingual candidates encouraged to apply.

**Closing Date:**    **January 21, 2011**

*Interested Applicants should forward resumes to:*

**CEDA**
Human Resources Dept.
HR@cedaorg.net

**CEDA is an Equal Opportunity Employer**

Case: 1:13-cv-08310 Document #: 1-1 Filed: 11/20/13 Page 8 of 56 PageID #:12

Select Language
Powered by Google Translate



# CEDA

Community and Economic Development Association of Cook County, Incorporated



*Exhibit B-2*

## EMPLOYMENT OPPORTUNITIES

CEDA will only accept resumes and applications for open advertised or listed positions within the time frame indicated for each position. Unsolicited resumes and resumes received after the closing date for a position will not be considered or retained. Applicants must clearly and specifically identify the position for which they are applying. We appreciate your interest in CEDA.

It is the policy of the Community and Economic Development Association, Inc. to implement affirmative, equal opportunity to all qualified employees and applicants for employment without regard to race, creed, color, age, sex, national origin, or physical handicap, and positive action shall be taken to ensure the fulfillment of this policy. Also included in this policy are veterans of the United States military.

**Employment Opportunities**

| Job Title: | PA#: | Location: | Department: | Closing Date: |
|---|---|---|---|---|
| Central Intake/ Referral Specialist | 1101 | Various CDAs – Suburban Cook County, IL (Chgo. Hghts.; Cicero; Evanston; Robbins) | CSBG (Community Services Block Grant) Program | January 21, 2011 |
| Director, Early Childhood Education (ECE) | 1102 | CEDA Central - *Chicago, IL* | Children and Family Services – Head Start | January 21, 2011 |
| Teacher Assistant | 1103 | Ray Walker Head Start – *Schaumburg, IL* | Children and Family Services – Head Start | January 21, 2011 |

Exhibit C

## Witness Statement Form

Re: Charge No.: IICA 3266

192

Complainant: Sillierine Ber~~Respondent:~~ CEDA

Witness Name: Jake Koepsel  EEO Category: 1205I

Witness Address: C/O RP

Telephone Number:

Title/position of witness: DIR - NR

(e.g. witness worked with Complainant as a packer on the same assembly line, same shift.)

Interviewed witness by ✓ telephone ___ in person
Date: 8/9/12  Time: 9:45
Location (if in person):

Indicated below are the relevant facts obtained from above named witness (continued on attached lined paper if more space needed.)

My Dept handles submissions
for posted vacancies &
generated applicant flow log.

Flow log represents resumes
received in HR during posting
period. Capture & send log
to hiring mgr.

Appears LJ submitted resume
Directly to Yvonne Butchee
Both CP & LA worked in program

DSB _____  8/9/12
Investigator                Date
#14 Witness Statement 07/08

YB managed. She had knowledge
of perf of both. Service Delivery

**From:** sillierine bennett (sillbennett@yahoo.com)
**To:** HR@cedaorg.net;
**Date:** Fri, January 21, 2011 12:37:02 PM
**Cc:**
**Subject:** Employment Opportunity Request

*Exhibit D*

Dear Sir/Madam:

My name is Sillierine Bennett, I am a former employee of CEDA who was recently laid off seeking any position available. I am submitting my resume to apply for the posted postions of Central Intake/Referral Specialist within the CEDA sites listed with a closing dtae of January 21, 2011.

I have attached my resume per the web site instructions.

Thanking you in advance for your sincere consideration.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#11W0504.10

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2011CA3266 |
| ☐ EEOC | *Exhibit E-1* |

**Illinois Department of Human Rights and EEOC**

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| Ms. Sillierine Bennett | (708) 692-3562 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1449 Greenwood | Ford Heights, IL 60411 | 02/09/1950<br>M   D   YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Community & Economic Development Association d/b/a CEDA | 15+ | (312) 795-8000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 208 S. LaSalle Street, Suite 1900 | Chicago, IL 60604 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Age          Retaliation          Physical Disability | 01/03/2011          01/21/2011<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A.   ISSUE/BASIS

      LAY OFF – JANUARY 3, 2011, BASED ON MY AGE, 60

B.   PRIMA FACIE ALLEGATIONS

   1.   My age at the time of the alleged harm was 60.

   2.   I began my employment with Respondent in 1989. My work performance as CSBG Program Coordinator/Specialist, met Respondent's legitimate expectations.

Page 1 of 5

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS *4th* DAY OF *May*, 2011<br><br>*[signature]*<br>NOTARY SIGNATURE |
|---|---|

NOTARY STAMP

KR— —DGERS
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/16/14

X *[signature]*   5-4-11
SIGNATURE OF COMPLAINANT          DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*Exhibit E-2*

| | |
|---|---|
| BENNETT SILLIERINE<br><br>Versus<br><br>COMMUNITY & ECONOMIC DEVE | PERSON FILING CHARGE<br>BENNETT SILLIERINE<br>THIS PERSON (check one)<br>☐ CLAIMS TO BE AGGRIEVED<br>☐ IS FILING ON BEHALF OF ANOTHER<br>DATE OF ALLEGED VIOLATION<br>*Earliest*        *Most Recent*<br>PLACE OF ALLEGED VIOLATION<br>EEOC CHARGE NUMBER  21BA11690<br>DHR Charge Number<br>                2011CA3266 |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See EEOC "Rules and Regulations" for additional information)*
YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

☐ Title VII of the Civil Rights Act of 1964        ☐ The Americans with Disabilities Act

☒ The Age Discrimination in Employment Act of 1967 (ADEA)

HAS BEEN RECEIVED BY

☐ The EEOC and sent for initial processing to _____
                                          (FEP Agency)

☒ The Illinois Department of Human Rights and sent to the EEOC for dual filing purposes.
                    (FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your cooperation with the Agency.

☐ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐ An Equal Pay Act investigation (29 U.S.C. (d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

☒ Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**

    See Copy of Charge

**CIRCUMSTANCES OF ALLEGED VIOLATION:**

| DATE<br>May 16, 2011 | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL<br>John P. Rowe, District Director | SIGNATURE  *John P. Rowe* |
|---|---|---|

EEOC form 131-AGE (07/00)

# STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                    )
                                     )
Sillierine Bennett                   )
                                     )
Complainant,                         )        Charge No.:    2011CA3266
                                     )        EEOC No.:      21BA11690
and                                  )
                                     )
CEDA                                 )
                                     )
Respondent.                          )

## NOTICE OF ADMINISTRATIVE CLOSURE

TO:     Sillierine Bennett                CEDA
        1449 Greenwood                    C/o Joel F. Handler
        Ford Heights, IL  60411           Attorney At Law
                                          55 West Wacker Drive
                                          Suite 950
                                          Chicago, IL  60601

Charge Number 2011CA3266 having been filed with the Department of Human Rights by Complainant against Respondent, and Complainant having submitted a written request to withdraw the following parts of this charge pursuant to the Department's Rules and Regulations:

> Layoff and failure to rehire on the basis of physical disabilities, Asthma and Carpal Tunnel Syndrome

You are hereby NOTIFIED that Complainant's request to withdraw is approved and that the parts of the charge specified above are hereby administratively closed.  The Department will take no further action with regard to these allegations.  All remaining allegations shall continue to be processed in accordance with the Department's Rules and Regulations.

ENTERED THIS 12th DAY OF March 2012.

DEPARTMENT OF HUMAN RIGHTS

BY: _____

        Investigations Supervisor

PARTCLOS
07/08



ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director



MARCH   31,   2012


SILLIERINE   BENNETT
1449   GREENWOOD
FORD   HEIGH,   IL   60411

RE:   CHARGE   NO.:   2011-CA-3266
RESPONDENT:   COMMUNITY  &  ECONOMIC   DEVE
COMPLAINT OR CIVIL ACTION FILING DATES: 08/02/12 THROUGH 10/30/12

Dear Complainant,

You have the right to file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court, if the Department of Human Rights (DHR) has not completed your case by issuing its report of findings within 365 days from the date you filed your PERFECTED signed and notarized charge or within any extension of that time to which you and the Respondent have agreed in writing.

Within 90 days of the expiration of the 365 days or extension (see above paragraph), if you so choose, you may file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court. We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, the Commission may dismiss your complaint; or, your civil action may be deemed untimely.

Once 455 days (or the extended time) have passed, DHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Commission, or commenced a civil action in the appropriate circuit court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case. If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with Section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on DHR, on the same day that you file a complaint with the Commission. The Commission will then schedule a hearing for your case before an Administrative Law Judge. If you have any questions about filing a complaint with the Commission, you should call (312) 814-6268 or 814-6269. If you commence a civil action in a circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. If you file a complaint with the Human Rights Commission, you may not later commence a civil action in circuit court.

cc:   Joel F. Handler, Attorney

1509 HBLTR
12/2010

**From:** sillierine bennett (sillbennett@yahoo.com)
**To:** rwharton@cedaorg.net; jkoespel@cedaorg.net; Kperkins@cedaorg.net;
**Date:** Thu, March 26, 2009 4:09:26 PM
**Cc:**
**Subject:** From Sillierine Bennett Political Candidacy Status

*Exhibit F*

Dear Mr. Wharton,

The attached letter is sent on my behalf to further communicate my pervious concerns reagrding my intent to run for an elective office relative to my position as a staff member within CEDA.

Please feel free to contact me at any time at my personal cell number (708) 692-3562.

Respectfully Submitted,

Sillierine Bennett

(Rev. 4/08/11) CCM 0520

Civil Division Action Cover Sheet

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL , CIVIL DIVISION

Sillierine Bennett

_____ Plaintiff

Community and Economic
Development Association of Cook County
(CEDA)
_____ Defendant

No. _____

Jury Demand ☒ yes ☐ no

## CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box of the appropriate general category which best characterizes your action.

### Civil Case (A)
- ☐ 0007 Confession of Judgment
- ☐ 0008 Replevin
- ☐ 0017 Detinue
- ☐ 0031 Foreign Judgment
  Filing Out of State/Out of Country
- ☐ 0054 Registration of Administrative Judgment

### Tort/Personal Injury Case
Any wrong or damage done to another person, such as, physical pain, illness, or any impairment of physical condition resulting from the careless or negligent actions of others. The most common cases involve auto accident injuries.

- ☐ 0027 Personal Injury Motor Vehicle
- ☐ 0048 Dram Shop
- ☐ 0049 Product Liability
- ☐ 0057 Personal Injury Motor Vehicle Subrogation
- ☐ 0001 Personal Injury Other
- ☐ 0004 Tort Intentional
- ☐ 0062 Property Damage

### Commercial Litigation Case
(i.e. credit card agreements, any contract between two or more individuals)

- ☐ 0002 Breach of Contract
- ☐ 0071 Fraud
- ☐ 0074 Statutory Fraud

### Civil Case (B)
- ☐ 0031 Filing an Illinois Court Judgment
- ☐ 0100 Petition for Discovery
  A Petition to take depositions or subpoena records before a case is filed.

### Civil Housing Case
(i.e. condominium conversion, conservation, demolition/objection to fast-track, exterior walls/facades, fire protection, heat call (including Unincorporated Cook County), lead paint new developments, public places of amusement, strategic task force inspections, public nuisance)

- ☐ 0038 Housing
- ☐ 0088 Ordinance Violation
- ☐ 0086 Objection to Fast Track
- ☐ 0044 Criminal Ordinance Violation
- ☐ 0037 Heat Case

### Pro Se Case Type
The Pro Se Court section of the Civil Division resolves disputes between parties where the amount at issue does not exceed $3,000. The party may act as their own attorney. Forms can be completed at the Pro Se desk in Room 602.

- ☐ 0050 Pro Se ($3,000 or less)

### Eviction Case/Civil Forcible/CHA Forcible
A summary proceeding in which the landlord seeks to restore possession of the premises or payment of rent when the tenant has wrongfully withheld rent or possession of the premises.

- ☐ 0005 Forcible (possession only)
- ☐ 0006 Joint Action (possession and rent)
- ☐ 0018 Distress for Rent

Atty. No.: _____  Pro Se 99500

Attorney (or Pro Se Petitioner):

Name: _____

Address: _____

City/State/Zip: _____

Telephone: _____

By: _____
Attorney or Pro Se Litigant

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Civil Division Action Cover Sheet

(Rev. 4/08/11) CCM 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### FIRST MUNICIPAL , CIVIL DIVISION

Sillierine Bennett
_____ Plaintiff

Community and Economic Developmend
Association of Cook County (CEDA)
_____ Defendant

No. _____

Jury Demand ☒ yes ☐ no

## CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box of the appropriate general category which best characterizes your action.

### Civil Case (A)
☐ 0007 Confession of Judgment
☐ 0008 Replevin
☐ 0017 Detinue
☐ 0031 Foreign Judgment
      Filing Out of State/Out of Country
☐ 0054 Registration of Administrative Judgment

### Tort/Personal Injury Case
Any wrong or damage done to another person, such as, physical pain, illness, or any impairment of physical condition resulting from the careless or negligent actions of others. The most common cases involve auto accident injuries.

☐ 0027 Personal Injury Motor Vehicle
☐ 0048 Dram Shop
☐ 0049 Product Liability
☐ 0057 Personal Injury Motor Vehicle Subrogation
☐ 0001 Personal Injury Other
☐ 0004 Tort Intentional
☐ 0062 Property Damage

### Commercial Litigation Case
(i.e. credit card agreements, any contract between two or more individuals)
☐ 0002 Breach of Contract
☐ 0071 Fraud
☐ 0074 Statutory Fraud

### Civil Case (B)
☐ 0031 Filing an Illinois Court Judgment
☐ 0100 Petition for Discovery
      A Petition to take depositions or subpoena records before a case is filed.

### Civil Housing Case
(i.e. condominium conversion, conservation, demolition/objection to fast track, exterior walls/facades, fire protection, heat call (including Unincorporated Cook County), lead paint new developments, public places of amusement, strategic task force inspections, public nuisance)
☐ 0038 Housing
☐ 0088 Ordinance Violation
☐ 0086 Objection to Fast Track
☒ 0044 Criminal Ordinance Violation
☐ 0037 Heat Case

### Pro Se Case Type
The Pro Se Court section of the Civil Division resolves disputes between parties where the amount at issue does not exceed $3,000. The party may act as their own attorney. Forms can be completed at the Pro Se desk in Room 602.

☐ 0050 Pro Se ($3,000 or less)

### Eviction Case/Civil Forcible/CHA Forcible
A summary proceeding in which the landlord seeks to restore possession of the premises or payment of rent when the tenant has wrongfully withheld rent or possession of the premises.
☐ 0005 Forcible (possession only)
☐ 0006 Joint Action (possession and rent)
☐ 0018 Distress for Rent

Atty. No.: _____ Pro Se 99500

Attorney (or Pro Se Petitioner):

Name: Sillierine Bennett

Address: 1449 Greenwood

City/State/Zip: Ford Heights, IL 60411

Telephone: 708-692-3562

By: _Sillierine Bennett_
    Attorney or Pro Se Litigant

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Civil Action Cover Sheet - Case Initiation      (Rev. 4/21/09) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Sillierine Bennett

v.

Community and Economic
Development Association of Cook County
INC. (CEDA)

No. _____

2012L013254
CALENDAR/ROOM A
TIME 00:00
PI Stat Misc Action

FILED B - 13
2012 NOV 26 AM 10:39
CIRCUIT CLERK OF CIRCUIT
COURT LAW DIVISION

(FILE STAMP)

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. ONLY ONE (1) CASE TYPE MAY BE CHECKED WITH THIS COVER SHEET.

Jury Demand ☑ Yes ☐ No

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:

- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☒ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:

- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☒ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

### COMMERCIAL LITIGATION
CASE TYPES:

- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please Specify Below**)
- ☐ 075 Other Commercial Litigation
  (Please Specify Below**)
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:

- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** Age Discrimination Complaint

By: _Sillierine Bennett_
  (Attorney)         (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT

Sillierine Bennett,                       )

                                    )                     2012L013254

                                    )                     CALENDAR/ROOM A

              Plaintiff,          )                     TIME 00:00

                                    )                     PI Stat Misc Action

              v.                 )               JURY TRIAL DEMANDED

                                    )               *Demand*

Community & Economic Development   )               *₲ 300,000.00*

Association of Cook County, Inc. (CEDA),  )

             Defendant.         )

## COMPLAINT

Plaintiff in this matter, do hereby compose this document as a formal and civil complaint against the Defendant known as the Community and Economic Development Association of Cook County Inc, (CEDA) as follows:

## COMPLAINT CAUSE PARTIES and JURISDICTION

1.  Plaintiff seeks to file this course of action within the Circuit Courts of Cook County, Illinois to charge Defendant CEDA with violation of Plaintiff's employment rights as an employee of age by Defendant CEDA and under the Illinois Human Rights Act, 775 ILCS Section 5/1-101 et. Seq., of unlawful age discrimination and retaliation in the Defendant CEDA manner used to terminate Plaintiff as a long-term and tenured employee of CEDA.

2.  Plaintiff is and remains a life-long resident of Ford Heights, Illinois and was employed by CEDA for more than three decades beginning in 1971 -1983serving in multiple positions from support staff to supervisory roles of responsibility.

3.  Plaintiff was rehired and employed by CEDA in January of 1989 as a Housing Coordinator to assist and salvage a stressed Housing Counseling Program. Plaintiff remained employed

Continue page 2

by Defendant, CEDA up and through Plaintiff's termination on January 3, 2011, by
Defendant CEDA after more than 35 years of employment.

4. Plaintiff's complaint arose as a result of Plaintiff being termination by former employer,
Defendant, the Community and Economic Development Association of Cook County, Inc.
(CEDA) by the Agency Director, who hand delivered a formal notice of lay off to Plaintiff
at Plaintiff's regular work site at the CEDA Bloom Rich located at 1647 Cottage Grove
Avenue, Ford Heights, Illinois, 60411 on January, 3, 2011; Defendant CEDA's local
community development area main office was and remains at 1203 West End Avenue,
Chicago Heights, Illinois, 60411; with Central Executive Office located at 208 South
LaSalle Street, Suite 1900, Chicago, Illinois 60604. **(Exhibit A -Termination Letter)**

5. Plaintiff was made aware of a job posted on CEDA's website for the position of Central
Intake Specialist with a post closing date of January 21, 2011.Thiswas a position of which
Plaintiff had previously performed at the local site prior to termination for more than a year.
**(Exhibit-B Job Position Posting)**

Plaintiff contacted Agency Director to inquire about the available position on January 14,
2011, to be told that it had already been filled on January 14, 2011teh Agency Director
suggested that Plaintiff contact CEDA Central's Human Resource Department, who stated to
refer Plaintiff back to Agency Director who referenced, " that was not Agency Director's
responsibility". Plaintiff contacted Agency Director again to be told by Agency Director "it
was out of Agency Director's hands and it was the Grant Manager's decision to hire the
younger person". Agency Director then suggested Plaintiff call the CSBG Grant Manager,
who writes to manage, distribute and makes decisions about the use of Community Services
Block Grant (CSBG) funds and program activities. **(Exhibit C-IDHR Fact Finding
Statement by Director of CEDA Human Resource Department).**

6. After Plaintiff had suffered through several weeks of emotional stress cause by Defendant
CEDA and due to Defendant CEDA actions to terminate Plaintiff who was older than with
experience than younger employees retained by Defendant CEDA as cause for this claim.

7. Plaintiff then applied to Defendant, CEDA through CEDA's web site for the available
position of Central Intake Specialist. Plaintiff followed the instructions as stated and
emailed to forward Plaintiff's resume to CEDA on January 21, 2011 before the close of the
posting. **(Exhibit D-Email- Plaintiff Submission of Job Application to CEDA).**

**Continue page 3**

## AGE DISCRIMINATION CAUSE

8. Plaintiff was born on February 9, 1950 and is within the protected age category of the Illinois Human Rights Act (IHRA)and the Age and Employment Discrimination Act (AEDA)

9. Defendant, CEDA an employer under the Illinois Human Rights employs several hundred employees and is a large multi-social service agency operating in a regional capacity to provide programs and services to individuals and families of suburban Cook County and specific areas of metropolitan Chicago. (See Exhibit- CEDA Agency Annual Profile)

10. Plaintiff was employed by Defendant CEDA from 1989 and held multi positions to include supervision roles until Plaintiff's termination on January 3, 2011 in the position of Program Specialist.

11. Plaintiff, on May 4, 2011, filed formal complaints of age discrimination and retaliation with the Illinois Department of Human Rights (**IDHR**) under the Illinois Human Rights Act 775 ILCS Section 5/1-101 ET. Seq and was assigned a case number **2011CA3266** ; and consequently IDHR forward to case was established the same with **EEOC -21BA11609.** Case filed with IDHR was Case was dismissed on August 8, 2012, for lack of substantial evidence. **(Exhibit E-1 IDHR Charge Letter; Exhibit E-2 EEOC Charge Letter .**

12. Plaintiff on May 4, 2011simoutaineouly filed formal complaints with the Cook County Commission On Human Rights (COHR) case **2011EOO17**of which case is pending final investigation by IDHR)**. ( Exhibit  E-3 Charge Letter/Right to Sue )**

13. Plaintiff later discovered that Defendant, CEDA had retained several younger employees in similar positions as that of Plaintiff and hired an employee younger than Plaintiff for the available position of Central Intake Specialist thus citing differences of performance evaluations over experience and tenure between the younger employee who was retained and Plaintiff was terminated.

14. Defendant, CEDA did not require the younger employee to apply for the job position in the same hiring process as Plaintiff and over 100 additional applicants per the job posting and in accordance with Defendants, CEDA's own personnel policies and hiring practices.

15. Plaintiff now petitions this court's jurisdiction to hear Plaintiff's claim of unlawful age discrimination and retaliation under the Illinois Human Rights Act 775 ILCS Section 5/1-101 ET. Seq., to request  relief in the form of reasonable compensation of losses.
Continue page 4

# RETALIATION

16  Plaintiff had previously filed a case of retaliation with the Illinois Department of Human Rights in 2003, that which was closed and resolved in discovery and through mediations by IDHR.; of which Plaintiff was within a protected class status.

17. On April 11, 2009, Plaintiff was directed to take a two week unpaid leave of absences for desiring to participate in a civic election. Plaintiff was singled out as an employee while other employees were not. During this period plaintiff began to experience poor performance evaluations from supervisor, Agency Director with direction by the Director of CEDA's Human Resource Department, which was not a practice by Defendant CEDA to have the Human Resource Director to be directly involved with support staff evaluations.

18. On March 26, 2009, Plaintiff initiated letter to CEDA's CEO in compliance due to the lack of response from Human Resource Director and Agency Director as to file a formal grievance of retaliation regarding participation in a civic election to CEDA's Department of Human Resources in March of 2009; it was suppressed with a telephone call from an independent attorney representing, Plaintiff, with a non-satisfactory response from Defendant, CEDA or its agents. (**Exhibit F- Plaintiff 2009 Letter to CEO Re: Mandatory unpaid Leave of Absence.**) .

19. Plaintiffs began to experience severe reductions in the quality of Plaintiff's performance evaluations, in 2009 and 2010 as a result to the above allegations and were treated different than younger employees in similar position with simulated job responsibilities. Plaintiff was unfairly treated and was given more work assignments than was younger employees in similar positions to be performed with outdated and obsolete equipment requiring frequent maintenance.

20. Plaintiff was not given any consideration for the available position of Central Intake Specialist by CEDA or its agents, who was more qualified with greater experience than the younger  employee who was hired by CEDA for said position.

21. Defendant, CEDA further gave preference to allow the younger employee hired for the Central Intake Specialist position by granting submission of application to be directly given to Grants Manager. **Reference Item 5. (Exhibit C-IDHR Fact Finding Statement by Director of CEDA Human Resource Department).**

Continue page 5

22. Defendant unfairly failed to retain or offer to promote Plaintiff to other available positions within Dependent CEDA' agency as did Defendant with younger employees working in similar job positions with less experienced,

23. Defendant CEDA willfully and knowingly sought to retain and or transfer several younger employees to available positions after Plaintiff had been terminated by Defendant CEDA.

24. Plaintiff suffered a loss of job, wages, benefits, future retirement and an accumulation prescriptions, and medical expenses for out- patient and hospital stay due to emotional stress.

## DEMAND FOR RELIEF

Plaintiff now prays for the following:

A, To prevent Defendant CEDA from further acts of age discrimination against Plaintiff and its employees;

B. Plaintiff, seeks compensation for damages and claims of loss of job, wages, lost benefits, lost sick and vacation days, and lost retirement benefits.

C. Plaintiff seeks compensation damages in an appropriate amount designated by this Court

D, Plaintiff seeks reimbursement of out of pocket prescriptions and medical and expenses for incurred for hospital stay due to emotional stress to include any associated attorney fees and court cost should an attorney be retained to represent Plaintiff in this action.

PLAINTIFF DEMANDS OF TRAIL BY JURY.

Respectfully submitted by Plaintiff

SILLIERINE BENNETT

BY _Sillierine Bennett_ 11-26-12

Plaintiff / "PRO SE"

Sillierine Bennett
1449 Greenwood Avenue
Ford Heights, Illinois, 60411
(708) 692-3562

Sillierine Bennett
vs
CEDA

*Exhibit A*



# CEDA

Community and Economic Development Association of Cook County, Inc.
208 S. LaSalle Street, Suite 1900, Chicago, Illinois 60604
312/795-8800 · Fax 312/795-1034
www.cedaorg.net

## Memo

**To:**       Sillierene Bennett

**From:**    Karyn Perkins

**C:**         Pat Doherty-Wildner, Yvonne Butchee, Regina Salazar

**Date:**    January 3, 2011

**Subject:**  CSBG Reduction in Force

For the upcoming program year, beginning January 1, 2011, there will be a change in the funding for the Community Services Block Grant and there will be changes in our service delivery through Ford Heights and the Bloom Rich Community Development Area.

As a result of these changes, your position will be eliminated and your last day of employment with CEDA will be Monday, January 3, 2011. You will be paid through January 14, 2011, in lieu of notice and will receive payment for earned unused vacation pay for the current year.

You will meet with Regina Salazar, Manager, Human Resources to discuss your separation, final pay and benefit options and eligibility and to conduct an exit interview. You will need to return all CEDA property (door keys, cabinet keys, desk keys, ID card, electronic key card, cell phone, computer equipment or any other CEDA property) All of these items can be returned to Regina during that meeting.

You may apply for any open positions that are of interest to you for which you are qualified. You will be considered for the open positions you apply for based on your qualifications for those positions.

CEDA thanks you for your contributions and your time with us. We wish you well in the future.

Please be aware that the Employee Assistance Program remains available to you as a confidential benefit and resource. It is available to former employees and their families to provide help through counseling, training and referral to learn to cope more effectively with any personal problems that may be affecting the individual's work performance. You may contact the EAP confidentially at 1-800)327-5071 and can visit their site at: www.wseap.com.

Call us : 800-571-CEDA (2332)   |   webmaster@cedaorg.net   | CEDA Blog | Follow us: 

**CEDA**

Community and Economic Development Association of Cook County, Incorporated *Exhibit B-1*

## EMPLOYMENT OPPORTUNITIES

CEDA will only accept resumes and applications for open advertised or listed positions within the time frame indicated for each position. Unsolicited resumes and resumes received after the closing date for a position will not be considered or retained. Applicants must clearly and specifically identify the position for which they are applying. We appreciate your interest in CEDA.

It is the policy of the Community and Economic Development Association, Inc. to implement affirmatively, equal opportunity to all qualified employees and applicants for employment without regard to race, creed, color, age, sex, national origin, or physical handicap, and positive action shall be taken to ensure the fulfillment of this policy. Also included in this policy are veterans of the United States military.

| | |
|---|---|
| **Job Title:** | **Central Intake/Referral Specialist** |
| **PA#:** | **1101** |
| **Location:** | Various CDAs – Suburban Cook County, IL<br>*(Chgo. Hghts.; Cicero; Evanston; Robbins)* |
| **Department:** | CSBG (Community Services Block Grant) Program |

**Description:**
Position maintains responsibility for intake, management, referral, follow-up and orientation for all CSBG ARRA program participants. Populations served include individuals in need of employment, housing, senior and disabled emergency relief services, vocational scholarships and REACH services. Responsible for data entry and report generation for ARRA CSBG participants via the Tracker database system. Secondary responsibilities include providing referrals, setting appointments and general orientation for CSBG programs and services (internal and external).

**Duties:**
Include, but are not limited to, providing intake, assessment and referral for the ARRA CSBG programs at area CDA (Community Development Area); facilitating preliminary eligibility determination including assessment, referral and case management; providing clients with program information and eligibility requirements; assisting new participants to complete all intake paperwork and provide necessary documentation (e.g. SS cards, proof of residency/income etc.); facilitating orientation for program participants regarding program services; conducting data entry and management using the Tracker system; maintaining files and reporting systems as required by CSBG; acting as an informational/referral source for social services and economic development programs offered at CDA; setting appointments with CSBG and other program staff at designated CDA; providing follow-up with departments regarding referrals; facilitating both internal and external audit preparation; providing information for phone inquiries, maintaining a daily log; generating monthly reports to CDA Directors regarding referrals/follow-up; and attending trainings to gain knowledge regarding CEDA's services and eligibility requirements.

**Qualifications:**
High school graduate or equivalent, AA degree or higher preferred. Previous customer service experience required. Computer literate with proficiency with basic Microsoft Office software. Knowledge of and experience with diverse populations. Strong verbal/written communication skills; strong numerical aptitude. Bilingual candidates encouraged to apply.

**Closing Date:**    **January 21, 2011**

*Interested Applicants should forward resumes to:*

**CEDA**
Human Resources Dept.
HR@cedaorg.net

**CEDA is an Equal Opportunity Employer**

Employment Opportunities                                             Page 1 of 1

Sitherine Bennett
vs
CEDA

Select Language
Powered by Google Translate

Call us: 1-877-CEDA-2500 | webmaster@cedaorg.net | CEDA Blog | Follow us:


**CEDA**
**Community and Economic Development Association of Cook County, Incorporated**

Exhibit B-2

## EMPLOYMENT OPPORTUNITIES

CEDA will only accept resumes and applications for open advertised or listed positions within the time frame indicated for each position. Unsolicited resumes and resumes received after the closing date for a position will not be considered or retained. Applicants must clearly and specifically identify the position for which they are applying. We appreciate your interest in CEDA.

It is the policy of the Community and Economic Development Association, Inc. to implement affirmatively, equal opportunity to all qualified employees and applicants for employment without regard to race, creed, color, age, sex, national origin, or physical handicap, and positive action shall be taken to ensure the fulfillment of this policy. Also included in this policy are veterans of the United States military.

### Employment Opportunities

| Job Title: | PA#: | Location: | Department: | Closing Date: |
|---|---|---|---|---|
| Central Intake/ Referral Specialist | 1101 | Various CDAs – Suburban Cook County, IL (Chgo. Hghts., Cicero, Evanston, Robbins) | CSBG (Community Services Block Grant) Program | January 21, 2011 |
| Director, Early Childhood Education (ECE) | 1102 | CEDA Central - Chicago, IL | Children and Family Services – Head Start | January 21, 2011 |
| Teacher Assistant | 1103 | Ray Walker Head Start – Schaumburg, IL | Children and Family Services – Head Start | January 21, 2011 |

Exhibit C
1.82

## Witness Statement Form

Re: Charge No.: IICA 3266

Complainant: Sillierine Berrel    Respondent: CEDA

Witness Name: Jake Koepsel    EEO Category: 1 2051

Witness Address: C/O RP

Telephone Number: _____

Title/position of witness: DIR-HR
(e.g. witness worked with Complainant as a packer on the same assembly line, same shift.)

Interviewed witness by ✓ telephone    in person
Date: 8 9 12    Time: 9 45

Location (if in person): _____

Indicated below are the relevant facts obtained from above named witness (continued on attached lined paper if more space needed.)

My Dept handles submissions for posted vacancies & generated applicant flow log.

Flow log represents resumes received in HR during posting period. Capture & send log to hiring mgr.

Appears LJ submitted resume directly to Yvonne Butler. Both CP & LA worked in program

8 9 12

DSB
_____
Investigator    Date
#14 Witness Statement 07/08

YB managed. She had knowledge of perf of both. Service Delivery

Print                                                    Page 1 of 1

**From:** sillierine bennett (sillbennett@yahoo.com)
**To:** HR@cedaorg.net;
**Date:** Fri, January 21, 2011 12:37:02 PM
**Cc:**
**Subject:** Employment Opportunity Request

*Exhibit D*

Dear Sir/Madam:

My name is Sillierine Bennett, I am a former employee of CEDA who was recently laid off seeking any position available. I am submitting my resume to apply for the posted postions of Central Intake/Referral Specialist within the CEDA sites listed with a closing dtae of January 21, 2011.

I have attached my resume per the web site instructions.

Thanking you in advance for your sincere consideration.

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br><br>#11W0504.10 | ☒ IDHR<br><br>☐ EEOC | 2011CA3266 |

Illinois Department of Human Rights and EEOC *Exhibit 1*

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br><br>Ms. Sillierine Bennett | TELEPHONE NUMBER (include area code)<br><br>(708) 692-3562 | |
|---|---|---|
| STREET ADDRESS<br><br>1449 Greenwood | CITY, STATE AND ZIP CODE<br><br>Ford Heights, IL  60411 | DATE OF BIRTH<br>02/09/1950<br>M      D      YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Community & Economic Development Association d/b/a CEDA | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (include area code)<br><br>(312) 795-8000 |
|---|---|---|
| STREET ADDRESS<br><br>208 S. LaSalle Street, Suite 1900 | CITY, STATE AND ZIP CODE<br><br>Chicago, IL  60604 | COUNTY<br><br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Age            Retaliation         Physical Disability | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)   LATEST (ALL)<br><br>01/03/2011           01/21/2011<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.   A.    **ISSUE/BASIS**

             LAY OFF – JANUARY 3, 2011, BASED ON MY AGE, 60

    B.    PRIMA FACIE ALLEGATIONS

        1.  My age at the time of the alleged harm was 60.

        2.  I began my employment with Respondent in 1989.  My work performance as CSBG Program Coordinator/Specialist, met Respondent's legitimate expectations.

Page 1 of 5

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS _4th_ DAY OF _May_ , 2011<br><br>_[signature]_<br>NOTARY SIGNATURE |
|---|---|
| **NOTARY STAMP**<br>KRYSTL... ...GERS<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:11/16/14 | X _[signature]_  5-4-11<br>SIGNATURE OF COMPLAINANT            DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*Exhibit E-2*

| | |
|---|---|
| | PERSON FILING CHARGE<br>BENNETT SILLIERINE |
| BENNETT SILLIERINE<br><br>Versus<br><br>COMMUNITY & ECONOMIC DEVE | THIS PERSON *(check one)*<br>☐ CLAIMS TO BE AGGRIEVED<br>☐ IS FILING ON BEHALF OF ANOTHER |
| | DATE OF ALLEGED VIOLATION<br>*Earliest*        *Most Recent* |
| | PLACE OF ALLEGED VIOLATION |
| | EEOC CHARGE NUMBER        21BA11690 |
| | DHR Charge Number        2011CA3266 |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See EEOC "Rules and Regulations" for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

☐ Title VII of the Civil Rights Act of 1964          ☐ The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act of 1967 (ADEA)

HAS BEEN RECEIVED BY

☐ The EEOC and sent for initial processing to _____

(FEP Agency)

[X] The Illinois Department of Human Rights and sent to the EEOC for dual filing purposes.
(FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your cooperation with the Agency.

☐ As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐ An Equal Pay Act investigation (29 U.S.C. (d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[X] Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**

See Copy of Charge

**CIRCUMSTANCES OF ALLEGED VIOLATION:**

| DATE<br>May 16, 2011 | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL<br>John P. Rowe, District Director | SIGNATURE *John P. Rowe* |
|---|---|---|

EEOC form 131-AGE (07/00)

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:                          )
                                           )
Sillierine Bennett                         )
                                           )
Complainant,                               )      Charge No.:   2011CA3266
                                           )      EEOC No.:     21BA11690
and                                        )
                                           )
CEDA                                       )
                                           )
Respondent.                                )

**NOTICE OF ADMINISTRATIVE CLOSURE**

TO:     Sillierine Bennett                 CEDA
        1449 Greenwood                     C/o Joel F. Handler
        Ford Heights, IL  60411            Attorney At Law
                                           55 West Wacker Drive
                                           Suite 950
                                           Chicago, IL  60601

Charge Number 2011CA3266 having been filed with the Department of Human Rights by Complainant against Respondent, and Complainant having submitted a written request to withdraw the following parts of this charge pursuant to the Department's Rules and Regulations:

> Layoff and failure to rehire on the basis of physical disabilities, Asthma and Carpal Tunnel Syndrome

You are hereby NOTIFIED that Complainant's request to withdraw is approved and that the parts of the charge specified above are hereby administratively closed.  The Department will take no further action with regard to these allegations.  All remaining allegations shall continue to be processed in accordance with the Department's Rules and Regulations.

ENTERED THIS 12th DAY OF March 2012.

DEPARTMENT OF HUMAN RIGHTS

BY: _____

        Investigations Supervisor

PARTCLOS
07/08

ILLINOIS DEPARTMENT OF

# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

*Exhibit E-3*

MARCH 31, 2012

SILLIERINE BENNETT
1449 GREENWOOD
FORD HEIGH, IL 60411

RE: CHARGE NO.: 2011-CA-3266
RESPONDENT: COMMUNITY & ECONOMIC DEVE
COMPLAINT OR CIVIL ACTION FILING DATES: 08/02/12 THROUGH 10/30/12

Dear Complainant,

You have the right to file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court, if the Department of Human Rights (DHR) has not completed your case by issuing its report of findings within 365 days from the date you filed your PERFECTED signed and notarized charge or within any extension of that time to which you and the Respondent have agreed in writing.

Within 90 days of the expiration of the 365 days or extension (see above paragraph), if you so choose, you may file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court. We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, the Commission may dismiss your complaint; or, your civil action may be deemed untimely.

Once 455 days (or the extended time) have passed, DHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Commission, or commenced a civil action in the appropriate circuit court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case. If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with Section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on DHR, on the same day that you file a complaint with the Commission. The Commission will then schedule a hearing for your case before an Administrative Law Judge. If you have any questions about filing a complaint with the Commission, you should call (312) 814-6268 or 814-6269. If you commence a civil action in a circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. If you file a complaint with the Human Rights Commission, you may not later commence a civil action in circuit court.

cc: Joel F. Handler, Attorney

1509 HBLTR
12/2010

Exhibit F

Page 2.

prior on March 11, 2009 whom reviewed the village historical election summaries which indicate that historically, such elections have been non-partisan.

I understand that you have also contacted the Cook County Election Clerk to get clarity on the situation. You informed me that you are also awaiting a response from them. Unfortunately, the delays have greatly impacted my ability to seek elective office. I have therefore chosen to continue the unpaid (LOA) and pursue the final stages of the process while a decision is being made in order to avoid even the appearance of impropriety as an Employee of CEDA.

Should you have any other concerns feel free to contact me at my personal e-mail at sillbennett50@sbcglobal.net or my cell phone at (708) 692-3562.

Respectfully Requested,

Sillierine Bennett

Cc: Karyn Perkins, Executive Director, CEDA Bloom-Rich
    Jake Koespel, Director of Human Resources

```
CLERK OF THE CIRCUIT COURT - COOK COUNTY
WX0039679  Law-01    11/26/2012 10:44:28
ATTY: 90500  016 ALDBARD
NO DEPOSIT:              $3,000,000.00
CASE #: 2012013254      CATEGORY: A
FILE DATE: 0/0/0000 12:00AM
CASE TOTAL: $567.00

12 Jurors J
Automation                    $250.00
Document Storage               $15.00
Law Library                    $15.00
Arbitration                    $21.50
Clerk Fee 6                    $19.00
Issuance Fee                   $240.00
Dispute Resolution             $1.00
Court Services                 $25.00
Children Waiting Rm            $10.00
CASH                          $580.00
CHANGE                         $13.00
TRANSACTION TOTAL:            $567.00
```

# CHANCERY DIVISION REQUEST FORM

DATE 9/10/13

NAME Herb Weaver

PHONE 312-467-9800

ATTORNEY CODE # 90243

CASE # 12 L 13254

MICRO FILM # _____

IMAGE # _____

DATE OF ORDER _____

JUDGE NAME _____

NUMBER OF CERTIFICATIONS _____

NUMBER OF PAGES/PHOTO COPIES 18

PRINTOUT _____

EXEMPLIFICATION _____

PLACITA _____

SEARCH FEE _____

APPELLATE RECORD _____

TRANSFER _____

Requested By _____ Date _____

To Be Completed By _____ Date _____

Completed By _____ Date _____

THE HONORABLE DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COOK COUNTY, IL

DATE: 9/10/2013   TIME: 4:50PM
TN: 0008-0001   RN: 00150728
DIST: 01 DIV: Chancery
CHN1-023 CASHIER: JESSICAP CR#: 172

ATTORNEY NO: 90243

REF CASE NO:
REF OTHER: 2012L13254

CASE TOTAL: $10.50
Copy Fee                    $10.50
CASH                        $10.50
CHANGE                       $0.00

RECEIPT 0001 OF 0001
TRANSACTION TOTAL:          $10.50

THANK YOU

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

*00898241* (58)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Sillierine Bennett

v.

Community and Economic Development
Association of Cook County Inc. CEDA
208 S LaSalle St. Suite 1900 to 1900
Chicago, IL 60680604

}

2012L013254
CALENDAR/ROOM A
TIME 00:00
PI Stat Misc Action

**No.** _____

Service to be made to
Defendant Attorney

Andrew S. Goldberg
Lanier, Mielsin, Donbrow, Becker,
Levin and Tominberg LTd.
515 N State Street Suite 2800 Chicago IL 6051

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
|---|---|---|
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

NOV 2 6 2012

Atty. No.: Pro Se

Name: Sillierine Bennett

Atty. for: Plaintiff

Address: 1449 Greenwood

City/State/Zip: Ford Heights IL 6041

Telephone: 708 692-3562

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

`* 0 0 8 9 8 2 4 1 *` (58)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

**(Name all parties)**

Sillivrine Bennott

v.

Community and Economic Development
Association in Cook County Inc. CEDA
208 So LaSalle St. Suite 1900
Chicago, IL 60604

2012L013254
CALENDAR/ROOM A
TIME 00:00
PI Stat Misc Action

No. _____

Service to be made to
Defendant Attorney

Andrew S. Goldberg
Lanier, Michin, Dunbrow, Becker
Levin and Tominberg LTD.
515 N. State Street Suite 2800 Chicago IL
60654

**SUMMONS**

**To each Defendant:**

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

☐  **District 2 - Skokie**
    **5600 Old Orchard Rd.**
    **Skokie, IL 60077**

☐  **District 3 - Rolling Meadows**
    **2121 Euclid**
    **Rolling Meadows, IL 60008**

☐  **District 4 - Maywood**
    **1500 Maybrook Ave.**
    **Maywood, IL 60153**

☐  **District 5 - Bridgeview**
    **10220 S. 76th Ave.**
    **Bridgeview, IL 60455**

☐  **District 6 - Markham**
    **16501 S. Kedzie Pkwy.**
    **Markham, IL 60426**

☐  **Child Support**
    **28 North Clark St., Room 200**
    **Chicago, Illinois 60602**

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: Pro Se

Name: Sillivrine Bennott

Atty. for: Plaintiff

Address: 1449 Greenwood

City/State/Zip: Ford Heights IL 60411

Telephone: 708 692-3562

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

NOV 2 6 2012

Clerk of Court DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# CERTIFICATE OF SERVICE

I, ___MaryNic U. Foster___, of the Cook County Commission on Human Rights,

hereby certify that I caused copies of the Cook County Commission on Human Rights

_Commission Order of Dismissal_ to be served, on the parties on the attached Service

List on ___January 10, 2013___, by _United States Mail, appropriate postage pre-paid_.

_____
MaryNic U. Foster

# SERVICE LIST

COMPLAINT NO.___**2011E017**___

Sillierine Bennet
1449 Greenwood
Ford Heights, IL 60411

Andrew Goldberg
Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd.
515 North State St. Ste 2800
Chicago, IL 60654

HRCOS19-12/07

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-LAW DIVISION**                    Rev.5/11

SILLIERINE BENNETT                    ,  )
_____  )
Plaintiffs                             )        NO: 13 L 13204
-v-                                    )
_____  )
COMMUNITY AND ECONOMIC DEVELOPMENT     )        Motion Call "A"   Time: _____ Line #: _____
Defendants   ASSOCIATION (CEDA)        )
_____  )

**CASE MANAGEMENT ORDER**

## **(Please check off all pertinent paragraphs and circle proper party name)**

**(8230)** ✓ 1. Category #1 (18-mo. discovery)        **(8232)** _____ 1A. Category #2 (28 Mo. Discovery)

**(4231)** _____ 2. Written & (f)(1) and (f)(2) discovery to be **issued** by _____ *or deemed waived;*

**(4296)** _____ 3. Written & 213(f)(1) and (2) discovery to be **answered** by _____ ;

**(4218)** _____ 4. Oral discovery & 213(f)(1) and (2) depositions to be **completed** by _____ ;

**(4288)** _____ 5. Subpoenas for treating physicians' deps to be **issued** by _____ *or deemed waived;*

**(4218)** _____ 6. Treating physicians depositions to be **completed** by _____ ;

**(4206)** _____ 7. (Plaintiff) **or** (Defendant) **or** (Add. Party) shall **answer** 213 (f)(3) Interrogatories by _____ ;

**(4218)** _____ 8. **Plaintiff's 213(f)(3)** witnesses' depositions to be **completed** by _____ ;

**(4218)** _____ 9. **Defendant's 213(f)(3)** witnesses' depositions to be **completed** by _____ ;

**(4218)** _____ 10. **Add. party's 213(f)(3)** witnesses' depositions to be **completed** by _____ ;

**(4295)** _____ 11. **All fact discovery, SCR 213(f)(1) and/or SCR 213(f)(2) discovery is closed.** *(Circle all applicable)*

**(4619)** ✓ 12. The matter is continued for subsequent Case Management Conference on April 22, 2013
         at 10:00 AM/PM in Room 2206 for:

   (A) ✓ Proper Service        (B) ✓ Appearance of Defendants        (C) _____ Case Value
   (D) _____ Pleadings Status   (E) _____ Discovery Status            (F) _____ Pre-Trial/Settlement
   (G) _____ Mediation Status   (H) _____ Trial Certification         (I) _____ Other

   _____
   _____
   _____

**(4005)** _____ 13. Case is DWP'd.   **(4040)** _____ The case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009.

**(4331)** _____ 14. Case stricken from   **(4284)** _____ Motion Stricken or   **(4330)** _____ Case stricken from
                CMC Call                      Withdrawn from Call              Motion Call.

NAME: _Errol Porter_
ADDRESS: _134 W. Johnson #508_        **E N T E R :**
PHONE: _773-___-____
ATTY ID#: _35390_
ATTY FOR PARTY: _PLAINTIFF_          **J U D G E** _____ NO. ____

**NOTICE:**

★ *COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES.*

★ *FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.*

Judge James N. O'Hara
FEB 20 2013
Circuit Court - 1983

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SILLIERINE BENNETT,         )
                              )
            Plaintiff,    )
                              )
v.                       )    Case No. 12 L 13254
                              )
COMMUNITY AND ECONOMIC )
DEVELOPMENT ASSOCIATION OF )
COOK COUNTY,          )
            Defendant.   )
                              )

FILED-6
2013 JAN 22 PM 12:27
CLERK OF THE CIRCUIT COURT
LAW DIVISION
DOROTHY BROWN CLERK

## NOTICE OF MOTION

TO:    Sillierine Bennett
       1449 Greenwood Avenue
       Ford Heights, Illinois 60411

**TAKE NOTICE** that on **January** _29_, **2013 at** _10:00_ **a.m.**, undersigned counsel shall appear before the Honorable **Judge** _Ohara_, **Room** _2206_, Richard J. Daley Center Courthouse, 50 West Washington Avenue, Chicago, Illinois, 60602, and present the attached **Defendant's Motion to Quash Service of Summons**, a copy of which is attached and served upon you.

Dated: January 22, 2013

                        Respectfully submitted,

                        **COMMUNITY AND ECONOMIC**
                        **DEVELOPMENT ASSOCIATION OF COOK**
                        **COUNTY**

                        By: _____
                              One of Its Attorneys

Devlin J. Schoop
Laner, Muchin, Dombrow,
   Becker, Levin and Tominberg, Ltd.
515 N. State Street - Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 Fax
Firm I.D. No. 90243

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SILLIERINE BENNETT,                        )
                                           )
      Plaintiff,                        )
                                           )
  v.                                       )          Case No.  12 L 13254
                                           )
COMMUNITY AND ECONOMIC                     )
DEVELOPMENT ASSOCIATION OF                 )
COOK COUNTY,                               )
      Defendant.                        )
                                           )

### DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS

Defendant, COMMUNITY AND ECONOMIC DEVELOPMENT ASSOCIATION OF COOK COUNTY ("CEDA"), through its counsel, Devlin J. Schoop of Laner Muchin Dombrow Becker Levin and Tominberg, Ltd., pursuant to 735 ILCS 5/2-301(a), moves to quash the Service of Summons in this action, stating as follows:

1.    On or about November 26, 2012, Plaintiff filed this action and caused the Clerk of the Court to issue a summons against Andrew S. Goldberg on or about December 28, 2012.

2.    Illinois provides that service on private corporations "may be served (1) by leaving a copy of the process with [the corporation's] registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any manner now or hereafter permitted by law." 735 ILCS 5/2-204.

3.    As set forth in the Affidavit of Andrew Goldberg, Mr. Goldberg is neither an officer nor registered agent of Defendant, CEDA and, therefore, could not accept service of the Complaint and Summons in this action. (*See* Affidavit of Andrew S. Goldberg, attached as Exhibit A)

4.      Because the Court never obtained personal jurisdiction over Defendant, CEDA, the service of process must be quashed and ay defaults or ex parte judgments entered against Defendant CEDA are void. *Dec & Aque v. Manning*, 248 Ill. App. 3d 341, 618 N.E.2d 367 (1st Dist. 1993); *Bank of Ravenswood v. King*, 70 Ill. App.3d 908, 912, 388 N.E.2d 998, 1001 (1st Dist. 1979).

**WHEREFORE,** Defendant CEDA respectfully requests that this Court enter an order:

A.      Quashing the service of the summons and complaint in this matter;

B.      Setting aside and vacating and default order and/or ex parte judgments, if any, against Defendant, CEDA; and

C.      Granting any other relief this Court deems just and proper.

Dated: January 22, 2013               Respectfully submitted,

**COMMUNITY AND ECONOMIC DEVELOPMENT ASSOCIATION OF COOK COUNTY**

By:    _____
           One of Its Attorneys

Devlin J. Schoop
Laner, Muchin, Dombrow,
  Becker, Levin and Tominberg, Ltd.
515 N. State Street - Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 Fax
Firm I.D. No. 90243

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SILLIERINE BENNETT,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　v.　　　　　　　　　　　　　　　 )　　 **Case No.  12 L 13254**
　　　　　　　　　　　　　　　　　　　　 )
COMMUNITY AND ECONOMIC　　　　　　 )
DEVELOPMENT ASSOCIATION OF　　　　 )
COOK COUNTY,　　　　　　　　　　　　 )
　　　　　　　　Defendant.　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )

## AFFIDAVIT OF ANDREW S. GOLDBERG

The affiant, if sworn to testify, would testify truthfully as follows:

1.　　　My name is Andrew S. Goldberg.  I am a partner in the law firm of Laner Muchin, Ltd.

2.　　　On or about December 28, 2012, the sheriff appeared at my office located at 515 North State Street, Suite 2800, Chicago, Illinois 60654, and served a copy of the Complaint and Summons in the action captioned, <u>Sillierine Bennett v. Community Economic Development Association of Cook County, Inc. (CEDA)</u>, Case No. 2012 L 013254.

3.　　　At no time on or prior to December 28, 2012, was I an officer, director and/or registered agent of Defendant, CEDA.  I am not authorized to accept service of process on behalf of CEDA.

Under penalties as provided by law under Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believe the same to be true.

Further Affiant sayeth naught.

　　　　　　　　　　　　　　　　　　　　*(signature)*
　　　　　　　　　　　　　　　　　　　　Andrew S. Goldberg

## CERTIFICATE OF SERVICE

Devlin J. Schoop, an attorney, hereby certifies that on this 22nd day of January, 2013, he

caused **Defendant's Motion to Quash Service of Summons** to be filed with the Clerk of the

Circuit Court of Cook County, Illinois, and served on Plaintiff's counsel of record as follows:

> Sillierine Bennett
> 1449 Greenwood Avenue
> Ford Heights, Illinois 60411

By: _____

One of the Attorneys for Defendant,
Community and Economic Development
Association of Cook County

3

```
CLERK OF THE CIRCUIT COURT - COOK COUNTY
WY969879 Law-01    11/26/2012 15:41:34
ATTY: 99300    016 ALONBARD
NO DEPOSIT:            $3,000,000.00
CASE NO: 2012L013254    COLLECTOR: A
ITOT DATE: 0/00/0000 12+:09M
CASE TOTAL: $587.00

.2 Jurors 3                        $230.30
Notbalation                        $15.00
Document Storage                   $15.00
Law Library                        $21.30
Arbitration                        $13.30
Disp Fees 6                        $20.00
Dispoute Resolution                $3.00
Court Services                     $25.00
Dispute Resolution                 $10.00
Filing Waiting Re                  $250.00
Tech                               $15.00
Charge                             $15.00
TRANSACTION TOTAL:                 $587.00
```

```
CIRCUIT COURT OF COOK COUNTY
LAW DIVISION - MOTION CALL RECEIPT


CASE NUMBER  : 12L013254
CALENDAR     : A
ATTORNEY     : 90243
P/D          : D
PLAINTIFF NAME  : BENNETT SILLIERINE
DEFENDANT NAME  : COMMUNITY ECONOMIC DEVEL


MOTION CALL DATE : 012913        02/30 @ 10 a
MOTION CALL SQNO : 006
MOTION CALL TIME : 10:00AM


------------------------


ADDITION PLEADINGS FILED

X   MOTION FILED
X   NOTICE OF MOTION
_   PROOF OF SERVICE
_   EXHIBITS
_   AFFIDAVITS
X   CERTIFICATES
_   MEMORANDUM
```

## COUNTY DEPARTMENT-LAW DIVISION

BENNETT )
_____, )
**Plaintiffs** )
-v- ) NO: 12 L 13254
)
COMMUNITY + ECONOMIC DEVEL ASSOC. INC. ) Motion Call "A"   Time: _____  Line #: _____
**Defendants** )

## CASE MANAGEMENT ORDER

### **(Please check off all pertinent paragraphs and circle proper party name)**

(8230) _____ 1. Category #1 (18-mo. discovery)          (8232)_____ 1A. Category #2 (28 Mo. Discovery)

(4231) _____ 2. Written & (f)(1) and (f)(2) discovery to be **issued** by _____ *or deemed waived;*

(4296) _____ 3. Written & 213(f)(1) and (2) discovery to be **answered** by _____;

(4218) _____ 4. Oral discovery & 213(f)(1) and (2) depositions to be **completed** by _____;

(4288) _____ 5. Subpoenas for treating physicians' deps to be **issued** by _____ *or deemed waived;*

(4218) _____ 6. Treating physicians depositions to be **completed** by _____;

(4206) _____ 7. (Plaintiff) **or** (Defendant) **or** (Add. Party) shall **answer** 213 (f)(3) Interrogatories by _____;

(4218) _____ 8. **Plaintiff's 213(f)(3)** witnesses' depositions to be **completed** by _____;

(4218) _____ 9. **Defendant's 213(f)(3)** witnesses' depositions to be **completed** by _____;

(4218) _____ 10. **Add. party's 213(f)(3)** witnesses' depositions to be **completed** by _____;

(4295) _____ 11. **All fact discovery, SCR 213(f)(1) and/or SCR 213(f)(2) discovery is closed.** *(Circle all applicable)*

(4619) ✓ 12. The matter is continued for subsequent Case Management Conference on ~~December 12, 2013~~
at _10:30_ AM/PM in Room 2206 for:

     (A)_____Proper Service    (B)_____Appearance of Defendants    (C)_____Case Value
     (D)_____Pleadings Status   (E)_____Discovery Status    (F)_____Pre-Trial/Settlement
     (G)_____Mediation Status   (H)_____Trial Certification   (I)_____Other

     1) PLAINTIFF IS GIVEN 14 DAYS LEAVE TO FILE AN AMENDED COMPLAINT OR BY 10-25-L
     2) DEFENDANT IS GIVEN 28 DAYS THEREAFTER TO ANSWER OR OTHERWISE PLEAD
     OR BY NOV. 22, 2013

(4005) _____ 13. Case is DWP'd.    (4040) _____ The case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009.

(4331) _____ 14. Case stricken from    (4284) _____ Motion Stricken or    (4330) _____ Case stricken from
              CMC Call                       Withdrawn from Call                    Motion Call.

NAME: BRIAN PORTER               **ENTER:**
ADDRESS: ~~120 W. MADISON #500~~ P.O. BOX 8527
PHONE: ~~773-209-6890~~        CHICAGO IL 60680-8527
ATTY ID#: ~~36380~~
ATTY FOR PARTY: PLAINTIFF

                             Judge James N. O'Hara

**NOTICE:**            **JUDGE** _____ NO. _____

&#42; *COPIES OF ALL PRIOR CMC ORDERS MUST*
*BE BROUGHT TO ALL CMC COURT DATES.*        OCT 1 1 2013

&#42; *FAILURE OF ANY PARTY TO COMPLY WITH*          Circuit Court-1983
*THIS CMC ORDER WILL BE A BASIS FOR SCR*

```
ATTY NO. 35380          )
COUNTY OF COOK          )        SS:
STATE OF ILLINOIS       )
```

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

```
SILLIERINE BENNETT,                    )
                        Plaintiff,     )
vs.                                    )      No. 12 L 13254
                                       )
COMMUNITY AND ECONOMIC                 )
DEVELOPMENT ASSOCIATION OF             )
COOK COUNTY, INC., an Illinois         )
Not-for-Profit Corporation,            )
                        Defendant.     )
```

### NOTICE OF FILING

To:     Sara Yager
        Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd.
        515 N. State St. – Suite 2800
        Chicago, IL 60654

On October 28, 2013, I will cause to be filed with the Clerk of Court at the Richard J. Daley Center, Chicago, Illinois, *Plaintiff's Amended Complaint*, a copy of which is attached hereto.

| | | | |
|---|---|---|---|
| Name: | Brian R. Porter | Attorney for: | Plaintiff |
| Address: | P.O. Box 8527 | City: | Chicago, IL 60680-8527 |
| Telephone: | (773) 209-6890 | Atty. No. | 35380 |

### PROOF OF SERVICE

PLEASE TAKE NOTICE that on October 28, 2013, the undersigned attorney certifies that he served the above-referenced documents on all counsel of record by facsimile transmission, and will deliver a copy on October 28, 2013 in a properly addressed envelope via prepaid U.S. Mail.

/s/Brian R. Porter


**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ATTY NO. 35380      )
COUNTY OF COOK     )    SS:
STATE OF ILLINOIS    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SILLIERINE BENNETT, | ) | |
|              Plaintiff, | ) | |
| vs. | ) | No. 12 L 13254 |
| | ) | |
| COMMUNITY AND ECONOMIC | ) | |
| DEVELOPMENT ASSOCIATION OF | ) | |
| COOK COUNTY, INC., an Illinois | ) | |
| Not-for-Profit Corporation, | ) | |
|            Defendant. | ) | |

### AMENDED COMPLAINT

NOW COMES plaintiff, SILLIERINE BENNETT, by and through her attorney, Brian R. Porter, to complain of the above-captioned defendant as follows:

***Venue and Jurisdiction:***

1.    That this Honorable Court has jurisdiction over this matter pursuant to the 14th Amendment of the U.S. Constitution which makes the following provisions applicable to Illinois: 28 U.S.C. Sections 451, 1331, 1343, and 1345; Section 709(f)(1) and (3) of Title VII of the Civil Right Act of 1964; the Age Discrimination Act of 1967; 42 U.S.C. Sections 1981, 1983, 1985, 1988, 2000; and Section 102 of the Civil Rights Act of 1991.

2.    That at all times complained-of herein, plaintiff SILLIERINE BENNETT was and is a resident of the county of Cook, state of Illinois.

3.    That at all times complained-of herein, defendant COMMUNITY AND ECONOMIC DEVELOPMENT ASSOCIATION OF COOK COUNTY, INC.

1

(hereinafter referred to as "CEDA") was and is an not-for-profit corporation incorporated in 1966 in the state of Illinois, and having its principal place of business in the county of Cook, state of Illinois.

4.      That on August 28, 2012, the plaintiff herein received correspondence from the State of Illinois Department of Human Rights (hereinafter referred to as "IDHR") stating that her IDHR Charge No. 2011CA3266 / EEOC No. 21BA11690, was dismissed for lack of substantial evidence, and that said plaintiff BENNETT could commence a civil action within ninety (90) days, or by November 26, 2012, in the appropriate state circuit court.

5.      That in accordance with the aforementioned correspondence referenced in paragraph number 4 above, plaintiff filed a pro se civil action against defendant CEDA on November 26, 2012, in this Honorable Circuit Court of Cook County, Illinois.

**Pertinent Facts Common to All Counts:**

6.      That plaintiff was originally hired by defendant in 1971 and served in multiple positions from support staff to supervisory roles of responsibility through 1983.

7.      That plaintiff was re-hired by defendant CEDA in January 1989 as a Housing Coordinator to assist and salvage a stressed Housing Counseling Program.

8.      That in 2003, plaintiff BENNETT filed a cause with IDHR against defendant CEDA which subsequently was resolved and closed.

2

9.     That for several years throughout the 1990s and 2000s, plaintiff BENNETT served as the duly elected Mayor of Ford Heights, Illinois, a municipal village located in Cook County, Illinois.

10.     That plaintiff BENNETT was a mayoral candidate in Ford Heights, Illinois in 2009.

11.     That at all times complained-of herein, defendant CEDA was and is a private not-for-profit corporation which receives taxpayer provided government funding from local, state, and federal organizations.

12.     That as an employee of defendant CEDA, which is a recipient of taxpayer provided government funding from local, state, and federal organizations, plaintiff BENNETT's aforementioned political activity described above, was considered "protected activity".

13.     That in April 0f 2009, plaintiff BENNETT was directed by her superiors at defendant CEDA to take a two-week unpaid leave of absence as a direct result of her aforementioned protected political activity.

14.     That subsequent to her aforementioned protected political activity, plaintiff BENNETT began receiving downgraded performance appraisals in her work at defendant CEDA as pretext for the retaliation by her superiors for said protected political activity.

15.     That on January 3, 2011, plaintiff received a memo from Kathryn Perkins at defendant CEDA which notified plaintiff BENNETT that the very same day of January 3, 2011 itself would be plaintiff's last day of employment with CEDA.

Said memo also stated that plaintiff BENNETT "may apply for any open positions that are of interest to you for which you are qualified".

16.     That shortly thereafter, plaintiff was made aware of a job posted on CEDA's website for the position of Central Intake Specialist. The Central Intake Specialist position was to remain open for applications through January 21, 2011.

17.     That plaintiff BENNETT was uniquely qualified for the Central Intake Specialist position, as she had previously performed in said position in one of the many roles in which she performed for CEDA during the 34 years of her employment with said defendant.

18.     That on or about January 14, 2011, plaintiff BENNETT contacted the CEDA "Agency Director" to inquire about applying for the Central Intake Specialist position, and was told by the defendant CEDA "Agency Director" that "it was the Grant Manager's decision to hire a younger person" for the said position.

19.     That plaintiff nonetheless applied for the said Central Intake Specialist position on January 21, 2011, prior to the closing of the application process.

20.     That the said Central Intake Specialist position was subsequently awarded to a lesser qualified applicant under the age of 40.

## COUNT I; Age Discrimination

21.     That plaintiff BENNETT repeats, realleges, and incorporates paragraphs 1 through 20 of this Amended Complaint with the same force and effect as though fully stated herein COUNT I, paragraph 21.

4

22.    That throughout her employment with defendant CEDA, plaintiff BENNETT's performance met said defendant's legitimate expectations.

23.    That at the time of her January 3, 2011 termination, as well as, at the time of her January 21, 2011 application for the Central Intake Specialist position, plaintiff BENNETT was uniquely qualified to perform said role.

24.    That at the time of her January 3, 2011 termination, as well as, at the time of her January 21, 2011 application for the Central Intake Specialist position, plaintiff BENNETT was 60 years of age, which is over the age of 40.

25.    That the said Central Intake Specialist position was subsequently awarded to a lesser qualified applicant under the age of 40.

26.    That the January 3, 2011 termination of plaintiff from her employment at CEDA, and the January 14, and 21, 2011 refusal to rehire her for a position for which she was uniquely qualified for by CEDA, was a direct and proximate result of her age of 60.

27.    That as a direct and proximate result of the aforementioned discriminatory actions by defendant CEDA, plaintiff BENNETT has suffered great economic harm and irreparable damage to her professional reputation.

WHEREFORE plaintiff BENNETT prays that this Honorable Court enter judgment in her favor and against defendant CEDA, for unlawful age discrimination and enter an award in excess of $50,000.00 for all lost wages, costs, attorneys fees, and all other relief for injuries it deems appropriate.

## COUNT II; Retaliatory Discharge

28.     That plaintiff BENNETT repeats, realleges, and incorporates paragraphs 1 through 20 of this Amended Complaint with the same force and effect as though fully stated herein COUNT II, paragraph 28.

29.     That throughout her employment with defendant CEDA, plaintiff BENNETT's performance met said defendant's legitimate expectations.

30.     That the downgraded performance appraisals plaintiff began receiving in 2009 for her work at defendant CEDA were pretext for the retaliation by her superiors for her protected political activity discussed supra.

31.     That the reasons given for plaintiff BENNETT's two week un-paid suspension in April 2009 by defendant CEDA were pretext for the retaliation by her superiors for her protected political activity discussed supra.

32.     That the reasons given for plaintiff BENNETT's January 3, 2011 termination from her employment at CEDA, and the January 21, 2011 refusal to rehire her for a position for which she was uniquely qualified for by CEDA, were pretextual.

33.     That plaintiff BENNETT was terminated from her employment with defendant CEDA, and denied an opportunity to be re-hired by said defendant as a direct and proximate result of her protected political activity.

That as a direct and proximate result of the aforementioned prohibited retaliatory actions by defendant CEDA, plaintiff BENNETT has suffered great economic harm and irreparable damage to her professional reputation.

WHEREFORE plaintiff BENNETT prays that this Honorable Court enter judgment in her favor and against defendant CEDA, and enter an award in excess of $50,000.00 for all lost wages, personal injury, costs, attorneys fees, and all other relief for injuries it deems appropriate.


Respectfully submitted,


By:/s/ Brian R. Porter
Brian R. Porter
P.O. Box 8527
Chicago, Illinois 60680
(773) 209-6890 phone
(312) 275-2270 fax
Attorney for Plaintiff